Pesce, EJ.
(dissenting). I respectfully dissent. I agree with the majority that the tenant satellite dish installation at issue in the present summary proceeding is not within the ambit of Telecommunications Act of 1996 § 207 (Pub L 104-104, 110 US Stat 56) and its implementing regulations. However, I do not agree that the lease provision cited as the grounds for the petition herein may be read to bar the satellite dish installation at issue. While a satellite dish arguably falls under the heading of “other projections” which may not be “attached to the outside walls of the building” in accordance with the lease, the record indicates that the dishes at issue are not, as a matter of law, “attached to the outside walls of the building.” They are affixed in various ways to boards, which in turn are affixed either within (by wedging) the window frame or to the windowsill inside the apartment. Such an installation method may well be an eyesore or even a danger, as landlord has argued, but the instant petition did not cite these grounds as its predicate, confining itself to the above-quoted lease provision.
Landlord neither showed on its own summary judgment mo *76 tion, nor raised as an issue of fact on tenant’s cross motion for summary judgment, that the manner of attachment of the dishes violates the lease provision cited in the predicate notice. Clauses similar to that relied upon by landlord are commonplace in residential leases (see Urban Horizons Tax Credit Fund v Zarick, 195 Misc 2d 779 [Civ Ct, Bronx County 2003]), and primarily address interests of structural integrity, i.e., preventing water entry through holes made to accommodate tenant fixtures (see id., and cases cited therein). Landlord raised no issue that tenant’s method of placing the satellite dishes, which involves no “attachment” to the outside walls at all, ran afoul of the plain language of the lease clause. It is a fundamental principle of the law of contracts that words are to be given their ordinary meaning where, as here, there is no evidence that they are to be given another meaning (see 1 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 6:5 [Construction of Leases] [4th ed]).
The issues of tenant satellite dish installation raised by this proceeding are bound to recur with increasing frequency as this method of television reception becomes more popular. Eventually, either legislation addressing the situation of multiple dwelling residents, that balances the competing issues of residents’ ability to select programming of their choice and owners’ desire to maintain the appearance and safety of their buildings, will have to be enacted, or the technological state of the art will have to advance to the point that outside installations that may run afoul of building owners’ interests become unnecessary. However, the more immediate solution to these issues lies in drafting lease terms that give clear notice to tenant of actions the landlord wishes to forbid, and in more attentive articulation of predicate violations should matters reach the unfortunate point of a summary proceeding. As matters stand, it is not the proper role of this court to remedy landlord’s shortcomings in drafting the lease and for that matter the present petition by doing violence to the otherwise plain meaning of the lease provision at issue.
Golia and Rios, JJ., concur; Pesce, PJ., dissents in a separate memorandum.